UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

In re:

Fidel Michael Owens
Dba Lux Auto Rental
Dba NEFLM/Northeast Florida Risk Mgt.               Case No.: 3:26−bk−00104−BAJ

Heather Merrie Owens

    Debtor.
_____/

## DEBTOR'S MOTION TO VALUE COLLATERAL AND DETERMINE SECURED STATUS OF ALL IN-CREDIT UNION

### I. INTRODUCTION

COMES NOW the Debtors, by and through undersigned counsel, and pursuant to 11 U.S.C. §§ 506(a) and 1322(b)(2) and Federal Rule of Bankruptcy Procedure 3012, moves this Court for entry of an Order valuing certain motor vehicles retained by the Debtor and determining the secured status of the claims asserted against such collateral. In support thereof, the Debtor states as follows:

### II. JURISDICTION AND VENUE

1. This Court has jurisdiction pursuant to 28 U.S.C. §§ 157 and 1334.
2. This is a core proceeding under 28 U.S.C. § 157(b)(2)(A), (B), and (K).
3. Venue is proper pursuant to 28 U.S.C. § 1408.

### III. APPLICABLE LAW

4. Under 11 U.S.C. § 506(a), a creditor's claim secured by a lien on property of the estate is a secured claim only to the extent of the value of the creditor's interest in the collateral, with the remainder treated as an unsecured claim.
5. 11 U.S.C. § 1322(b)(2) permits a Chapter 13 debtor to modify the rights of holders of secured claims, except those secured solely by the debtor's principal residence.
6. Motor vehicles constitute personal property and therefore are subject to valuation and modification under §§ 506(a) and 1322(b)(2).
7. A debtor seeking to "strip down" a secured claim must file a separate motion to value collateral and determine secured status, which this Motion satisfies.

## IV. VEHICLE #1 – 2018 BMW 7 SERIES

**Creditor:** All In Credit Union Ending 9371

8. Creditor All In Credit Union holds a claim secured by a lien on the Debtor's 2018 BMW 7 Series VIN # WBA7E2C55JG742922
9. The total claim amount asserted by All In Credit Union is $36,586.00.
10. The fair market value of the 2018 BMW 7 Series is $23,810.00, based on reliable valuation data. See the attached quote from AutoNation attached hereto as **"Composite Exhibit A."**
11. Accordingly, pursuant to 11 U.S.C. § 506(a):

    - The secured portion of the claim is $23,810.00; and
    - The remaining balance of $12,776.00 is unsecured.

12. The Debtor proposes to retain the vehicle and pay the secured portion of the claim through the Chapter 13 Plan at the regular monthly payment plus 8.75% interest for a total of $816.71.00, as provided by the Plan.

## V. PLAN TREATMENT

18. **Retained Vehicles.** Payment on the secured portions of the claims for the vehicles the Debtor intends to retain is provided for and included in the Debtor's Chapter 13 Plan payments. The secured portions of such claims shall be paid in accordance with the values determined herein and the terms of the confirmed Plan.
19. **Surrendered Vehicles / Strip Down.** With respect to the vehicles the Debtor proposes to surrender, the Debtor seeks to value the collateral pursuant to 11 U.S.C. § 506(a) and proposes to surrender each vehicle in full satisfaction of the secured portion of the corresponding claim, as valued herein. Any remaining balance above the determined collateral value shall be stripped down and treated as a general unsecured claim, to be paid, if at all, pro rata with other unsecured creditors and discharged upon completion of the Chapter 13 Plan.
20. **Unsecured Claim Treatment.** The unsecured portions of all claims subject to valuation under this Motion shall be treated as general unsecured claims and paid pro rata pursuant to the terms of the confirmed Plan.
21. **Compliance and Adequate Protection.** The Debtor's Chapter 13 Plan complies with 11 U.S.C. §§ 1322 and 1325 and provides for appropriate treatment and adequate protection of each secured creditor consistent with the Bankruptcy Code.

## XI. NOTICE

21. Notice of this Motion has been provided to:

- The Chapter 13 Trustee.
- All affected creditors.
- All parties in interest;
  in accordance with the Federal Rules of Bankruptcy Procedure and local rules.

## RULE 3012 VALUATION NOTICE

NOTICE IS HEREBY GIVEN pursuant to 11 U.S.C. § 506(a) and Federal Rule of Bankruptcy Procedure 3012 that the Debtor seeks a determination of the value of the collateral described in this Motion and the amount of the secured claims held by the affected creditors. The Debtor requests that the Court determine the value of the collateral and the secured status of each claim by motion, without the necessity of an evidentiary hearing, unless a timely objection is filed.

Any party in interest objecting to the relief requested in this Motion must file and serve a written objection within fourteen (14) days from the date of service of this Motion, in accordance with Local Bankruptcy Rule 2002-4 and Local Bankruptcy Rule 3012-1, if applicable. If no timely objection is filed, the Court may grant the relief requested herein without further notice or hearing, and the values and secured claim amounts proposed by the Debtor shall be binding for purposes of plan treatment.

## XII. RELIEF REQUESTED

WHEREFORE, the Debtor respectfully requests that this Court enter an Order:

A. Valuing the 2018 BMW 7 Series as set forth herein and determining the secured portions of the claims held by All In Credit Union with any remaining balances treated as unsecured claims pursuant to 11 U.S.C. § 506(a).
B. Determining that the treatment proposed herein is consistent with 11 U.S.C. §§ 1322 and 1325 and binding upon confirmation of the Plan; and
C. Granting such other and further relief as the Court deems just and proper.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing Debtor's Motion to Value Collateral and Determine Secured Status was served on February 4th, 2026, via the Court's CM/ECF system on all parties registered to receive electronic notice, including the Chapter 13 Trustee, and was also served by first-class U.S. Mail upon the non−individual respondent to the attention of an officer, a managing or general agent, or to any other agent authorized by appointment or by law to receive service of process for All In Credit at Union 238 Virginia Avenue Daleville, AL 36322.

Sincerely,

/s/ Zeffery A. Mims, Esquire
Zeffery Mims Law, PLLC
Florida Bar No.: 1002319
390 North Orange Ave., Suite 2300
Orlando, FL 32801
(407) 595-8486
zefferymimslaw@outlook.com